### COCHRANE v. SMADBECK et al.

#### (Supreme Court, Appellate Term.  March 26, 1906.)

EMINENT DOMAIN—ASSESSMENT OF COMPENSATION—CONCLUSIVENESS OF AWARD.
    In condemnation proceedings, an order, made after an appeal confirming a report of the commissioners of appraisal to determine the compensation, was not conclusive on persons not parties to the appeal, nor to the subsequent proceedings.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by James P. Cochrane against Louis Smadbeck and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The city of New York took proceedings for the acquisition of the property in question in this case, in accordance with Laws- 1893, p. 317, c. 189, entitled: "An act to provide for the sanitary protection of the sources of water supply of the city of New York." The plaintiff in this suit claimed the amount of the award of the commissioners of appraisal to determine the compensation to be made by the city of New York to the owners or persons interested in the property, claiming under a contract of sale of the property.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Lindsay, Kremer, Kalish & Palmer (Edwin L. Kalish, of counsel), for appellants.

G. Ewald Mendel & Divine (M. W. Divine, of counsel), for respondent.

SCOTT, P. J. I entertain no doubt that in common fairness the defendants should pay the plaintiff the amount for which this action is brought, but I can see no legal principle upon which the judgment

can be sustained. The only evidence to sustain plaintiff's claim it the report of the commissioners after the appeal, and the order confirming that report. These documents are not admissible in evidence to conclude the defendants, because the latter were not made parties to the appeal or to the subsequent proceedings, and had no opportunity to be heard before the commissioners upon the question of the redistribution of the award. Upon the plainest principles, the defendants are not to be concluded by a final order resulting from a proceeding of which they had no notice, and in which they had no opportunity to participate. Their action should have been against their attorney for negligence in not making defendants parties to the appeal.

The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.